UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL M. STINECIPHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV947 HEA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Thomas C. Mummert, III, that the decision of the Commissioner be affirmed. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review.

This Court's review is limited to a determination of whether the decision of the ALJ is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

"Substantial evidence is less than a preponderance, but enough so that

> a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001). But "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). "'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007). Substantial evidence is such evidence that a reasonable mind would find adequate to support a decision, considering evidence that detracts both from and evidence that supports the Commissioner's decision. *Clevenger v. Social Sec. Admin.*, 567 F.3d 971, 974 (8th Cir. 2009).

Plaintiff has filed written objections to Judge Mummert's recommendation that the Commissioner's denial of her application for Disability Insurance Benefits under Title II of the Social Security Act be affirmed. Plaintiff objects to Judge Mummert's findings that the Administrative Law Judge's (ALJ) properly determined Plaintiff's residual functional capacity, (RFT). Plaintiff claims that the ALJ is required, under SSR 96-8p, 1996 WL 374184, *7 to specifically detail the

evidence supporting each RFT conclusion and the ALJ in this case did not.  SSR 96-8p provides, in relevant part, the ALJ's "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts. . .and nonmedical evidence.

In his decision, the ALJ set out a narrative of what he considered: he considered all symptoms and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p.  He considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.  He followed a two step process in considering Plaintiff's symptoms: it was first determined whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce Plaintiff's pain or other symptoms.  From this determination, the ALJ determined the intensity, persistence and limiting effects of Plaintiff's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities.  When not substantiated by objective medical evidence, the ALJ made findings on the credibility of the statements based on consideration of the entire record.   In assessing the credibility of Plaintiff's statements, the ALJ considered Plaintiff's daily activities; location, duration, frequency, and intensity of her pain or other symptoms; factors that precipitate and

aggravate the symptoms; type dosage, effectiveness, and side effects of any medication Plaintiff takes or has taken to alleviate pain or other symptoms; treatment Plaintiff receives or has received for relief; any other measures used to relieve pain or other symptoms; and other factors concerning Plaintiff's functional limitations.

From this, the ALJ provided a narrative discussion which included all of the evidence. While the ALJ did not specifically detail how the evidence supported *each* conclusion separately, the discussion encompasses his conclusions and details how those conclusions were reached. He considered the opinions of Drs. Enkvetchakul and Thanawalla in determining Plaintiff's RFC. This Court agrees with Judge Mummert's determination that the ALJ considered all the relevant evidence in reaching his conclusions and the fact that he did not set out the supporting evidence directly after each conclusion does not negate the inclusion of the required discussion.

Plaintiff next objects to Judge Mummert's report arguing that he did not find specific medical evidence that supported each limitation assessed by the ALJ. Plaintiff contends that the ALJ's conclusion that Plaintiff could perform light work is not supported by the medical evidence. In addition, Plaintiff argues that there is no medical evidence to what degree Plaintiff could balance, crouch or crawl, although the ALJ found she could perform all of these functions occasionally.

The ALJ considered both opinions of Drs. Enkvetchakul and Thanawalla in arriving at his conclusions. He also evaluated Plaintiff's credibility based on the entire record before him. There is no evidence in the record that these restrictions were placed on Plaintiff. Indeed, Dr. Enkvetchakul stated that he was unable to find any objective reason for any significant limitations.

Plaintiff argues that the ALJ averaged the two assessments, however, the record does not support this conclusion. Clearly, the ALJ weighed each opinion and, based on the record as a whole, determined Plaintiff's RFT. This determination was supported by substantial evidence in the record.

Plaintiff also challenges the ALJ's finding that Dr. Enkvetchakul's examination was more extensive than Dr. Thanawalla. This finding is supported by the record. The timing of the examinations is significant. Dr. Enkvetchakul saw Plaintiff shortly before her insured status expired; the medical source statement submitted at the hearing was prepared in May, 2006, nearly a year after Plaintiff's last insured date. Moreover, the ALJ recognized that Dr. Thanawalla was not a specialist, that the opinion had unexplained checkmarks, that it was not supported by treatment notes. As Judge Mummert detailed, Dr. Enkvetchakul's findings are not inconsistent with the objective findings of Dr. Thanawalla, but are only inconsistent with the opinions of Dr. Thanawalla that are based on Plaintiff's reports, reports which differed from those given Dr. Enkvetchakul. The ALJ sets

out his bases for his determination which is supported by substantial evidence in the record.

Plaintiff argues that Judge Mummert did not recognize the results of the superior diagnostic method of an MRI. In making his recommendation, Judge Mummert reviewed the record as a whole and determined that the decision of the ALJ was based on substantial evidence. Plaintiff's objection with regard to Judge Mummert's discussion of the x-rays does not invalidate Judge Mummert's conclusions.

Plaintiff also objects on the ground that the DOT is not a reliable source of evidence of number of jobs existing in the national economy and thus, Judge Mummert erred in finding the Commissioner may use the DOT in satisfying his burden at step five of the sequential evaluation process.

The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed.1991), ("DOT") is routinely relied on by the SSA "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan,* 903 F.2d 1273, 1276 (9th Cir.1990). The DOT classifies jobs by their exertional and skill requirements. It is used by the SSA to classify jobs as skilled, unskilled, or semiskilled. *Id.* The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1). It was not error for

Judge Mummert to find the Commissioner satisfied his burden in finding jobs which Plaintiff could perform based on the DOT.

The Court has conducted a *de novo* review of those portions of Judge Mummert's Report and Recommendation to which Plaintiff objects. The Court finds that the Report and Recommendation thoroughly discusses the issues presented herein. The Court further finds that there is substantial evidence in the record to support the ALJ's conclusions. The objections are overruled and the Court adopts the Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 20th day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE